FILED
COURT OF APPEALS
DIVISION II

2013 OCT 29 AM 9: 48

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43556-0-II |
| Respondent, | |
| v. | |
| MARK ANTHONY DAVIS, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, P.J. — A jury found Mark Anthony Davis guilty of felony harassment. Davis appeals, arguing that the charging document and "to convict" instruction were defective because they failed to include "true threat" as an essential element of the crime. Our Supreme Court recently resolved the "true threat" issue in *State v. Allen*, 176 Wn.2d 611, 294 P.3d 679 (2013). Davis also argues that the trial court erred by imposing a term of community custody. The State concedes that the trial court erred by imposing a term of community custody. We affirm Davis's conviction, but accept the State's concession and remand to strike the community custody provision of Davis's judgment and sentence.

## FACTS

On May 13, 2011, at approximately 4:00 AM, Officer Cory Peyton of the Tacoma Police Department contacted Davis because of Davis's suspicious behavior. After briefly investigating

the situation, Peyton lawfully arrested Davis.[1]  While Peyton was transporting Davis to the Pierce County Jail, Davis made several comments, including calling Peyton a "fucking peckerwood" and threatening to kick Peyton's "ass" when he was not in uniform.  Report of Proceedings (RP) at 31.  Davis also said, "I from [sic] this hood around here, and now you just became a marked mother fucker.  Next time I see you, you are going to be just like them other pigs.  You're going to get shot."  RP at 32.

The State charged Davis with felony harassment.  The information read,

> That MARK ANTHONY DAVIS, in the State of Washington, on or about the 13th day of May, 2011, without lawful authority, did unlawfully, knowingly, threaten Officer Cory Peyton of the Tacoma Police Department to cause bodily injury, immediately or in the future, to that person or to any other person, and by words or conduct place the person threatened in reasonable fear that the threat would be carried out, and that further, the threat was a threat to kill the person threatened or any other person, thereby invoking the provisions of RCW 9A.46.020(2)(b) and increasing the classification of the crime to a felony, contrary to RCW 9A.46.020(1)(a)(i)(b) and 9A.46.020(2)(b), and the crime was aggravated by the following circumstance:  pursuant to RCW 9.94A.535(3)(v), the offense was committed against a law enforcement officer who was performing his or her official duties at the time of the offense, the offender knew that the victim was a law enforcement officer, and the victim's status as a law enforcement officer is not an element of the offense, and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 1.

At trial, Officer Peyton testified to the facts outlined above.  Peyton also testified that Davis's specific threats to shoot him caused him to be fearful because they were direct threats to his life.  Peyton was also concerned because he and his family live in the area.

The "to convict" instruction read,

---

[1] Davis was arrested on two outstanding warrants.  However, the trial court suppressed testimony that Davis was arrested on the warrants and the parties agreed that Officer Peyton could testify that he lawfully arrested Davis.

No. 43556-0-II

To convict the defendant of the crime of felony harassment, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about May 13, 2011, the defendant knowingly threatened to kill Cory Peyton immediately or in the future;

(2) That the words or conduct of the defendant placed Cory Peyton in reasonable fear that the threat to kill would be carried out,

(3) That the defendant acted without lawful authority, and

(4) That the threat was made or received in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 32. In addition, jury instruction number eight read,

Threat means to communicate, directly or indirectly, the intent to cause bodily injury in the future to the person threatened or to any other person; or to do any other act that is intended to harm substantially the person threatened or another with respect to that person's health, safety, business, financial condition, or personal relationships[.]

To be a threat, a statement or act must occur in a context or under such circumstances where a reasonable person, in the position of the speaker, would foresee that the statement or act would be interpreted as a serious expression of intention to carry out the threat rather than as something said in jest or idle talk.

CP at 29.

The jury found Davis guilty of felony harassment. The jury also returned a special verdict finding that the crime was committed against a law enforcement officer. Although the jury found an aggravating circumstance, the trial court sentenced Davis to a standard range sentence of 51 months. The trial court also imposed legal financial obligations and 12 months of community custody. Davis appeals.

3

No. 43556-0-II

## ANALYSIS

### TRUE THREAT

Davis argues that the information and "to convict" jury instructions are deficient because they fail to include "true threat" as an essential element of felony harassment. Our Supreme Court resolved this exact issue in *Allen*.

In *Allen*, the court held that "true threat" is not an essential element that is required to be included in either the information or the "to convict" jury instruction. *Allen*, 176 Wn.2d at 630. A charging document alleging felony harassment is sufficient if it alleges that the defendant knowingly threatened the victim. *Allen*, 176 Wn.2d at 627 And the jury instructions for felony harassment are sufficient if the jury instructions contain the definition of true threat. *Allen*, 176 Wn.2d at 627-28.

Here, the information specifically alleged that Davis knowingly threatened Officer Peyton. Furthermore, jury instruction number eight contained the definition of threat which was approved by our Supreme Court in *Allen*. Here, both the information and jury instructions were proper and Davis's claim fails. Accordingly, we affirm Davis's conviction for felony harassment.

### COMMUNITY CUSTODY

Davis also argues that the trial court erred by imposing a term of community custody because the legislature has not authorized community custody for felony harassment. RCW 9.94A.701. The State concedes that the trial court exceeded its statutory authority by imposing community custody for felony harassment.

The trial court's sentencing authority is statutory. *State v. Paulson*, 131 Wn. App. 579, 588, 128 P.3d 133 (2006). RCW 9.94A.701 provides the authority for the trial court to impose

4

community custody. The trial court can impose 12 months of community custody for crimes against persons which are not a serious violent offense or a violent offense under RCW 9.94A.701(3).[2] Crimes against persons are defined in RCW 9.94A.411(2). Crimes against persons do not include felony harassment. RCW 9.94A.411(2). We affirm Davis's conviction, but the trial court exceeded its statutory authority by imposing 12 months of community custody for a felony harassment conviction and we remand to the trial court for further sentencing in accord with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, P.J.

We concur:

PENOYAR, J.

MAXA, J.

---

[2] RCW 9.94A.701(3) provides,

A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for one year when the court sentences the person to the custody of the department for:

(a) Any crime against persons under RCW 9.94A.411(2);

(b) An offense involving the unlawful possession of a firearm under RCW 9.41.040, where the offender is a criminal street gang member or associate;

(c) A felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 2000; or

(d) A felony violation of RCW 9A.44.132(1) (failure to register) that is the offender's first violation for a felony failure to register.

RCW 9.94A.701(3)(b)-(d) clearly do not apply to felony harassment.